

# NUMBER 13-14-00723-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUADALUPE RICHARDSON,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

A Nueces County grand jury indicted appellant Guadalupe Richardson for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2015 R.S.). On June 4, 2010, Richardson

pleaded guilty to this charge, and pursuant to a plea agreement with the State, the trial court deferred adjudication and placed Richardson on five years' community supervision. In conjunction with being placed on community supervision, the trial court imposed several terms and conditions, including that he not commit an offense against the laws of the State of Texas, any other state, or of the United States; and that he complete a treatment alternative to incarceration program (TAIP), anger management courses, and batterers' intervention counseling or classes.

On October 22, 2014, the State filed a motion to revoke Richardson's probation and alleged various grounds to support revocation, including: that on August 28, 2014, Richardson committed (1) a driving while under the influence offense and an assault and battery of a family member offense, both taking place in Virginia; and (2) failed to complete (a) the Anger-Rage, Insight & Resolution Program, (b) a Batterers' Intervention, Batterers Anonymous, and/or Counseling program, and (c) a Felony Victim Impact Panel.

Richardson pleaded true to all of the allegations, the trial court revoked Richardson's community supervision, and sentenced him to two years' imprisonment in the Texas Department of Criminal Justice's Institutional Division. This appeal followed. Richardson's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Richardson's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated.

2

*See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Despite concluding that he found no non-frivolous grounds for appeal, Richardson's counsel highlights two issues for this Court's consideration, which we will address later in this opinion: (1) that the June 4, 2010 signed admonishments "do not identify the original charge by offense, date of offense, or date of community supervision"; and (2) the trial court failed to admonish Richardson that he could proceed pro se.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Richardson's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Richardson's counsel has also provided this Court with sufficient proof that Richardson has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided him with copies of both pleadings; (3) informed him of his rights to file a pro se response,[1] review the record preparatory to

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

filing that response, and seek discretionary review if we concluded that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record, lacking only Richardson's signature and the date and including the mailing address of this Court, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

An adequate amount of time has passed, and Richardson has filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Further, no pro se brief has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief independently, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to

4

the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Richardson's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Richardson and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

## IV.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of December, 2015.